IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:09-CV-212-F

| | | |
|---|---|---|
| DANIEL A. LAFOUNTAIN, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND** |
| | ) | **RECOMMENDATION** |
| PAUL BENTON MOTORS OF NORTH | ) | |
| CAROLINA, LLC d/b/a CHEVROLET | ) | |
| CADILLAC OF GOLDSBORO, WESTERN | ) | |
| SURETY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court, in part, on the motion of plaintiff Daniel A. LaFountain ("plaintiff") to remand (D.E. 10) this case to Onslow County Superior Court and to recover his costs and attorney fees resulting from removal of this case. The motion is supported by a memorandum (D.E. 11). Defendants Paul Benton Motors of North Carolina, LLC d/b/a Chevrolet Cadillac of Goldsboro ("Benton Motors"), and Western Surety Company ("Western") (collectively "defendants") filed a memorandum in opposition (D.E. 19). Plaintiff filed a reply (D.E. 24) and later a suggestion of subsequently decided authority (D.E. 36).

The case is also before the court on Benton Motors' motion to dismiss (D.E. 5) several of plaintiff's claims, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. The motion is supported by a memorandum (D.E. 6). Plaintiff filed a memorandum in opposition (D.E. 16), and Benton Motors filed a reply (D.E. 22).

The motions have been referred to the undersigned Magistrate Judge for a memorandum and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Referral Order (D.E. 35)). For the reasons set forth below, it will be recommended that plaintiff's motion to remand be allowed, this

case be remanded to the Superior Court of Onslow County, plaintiff be awarded his costs and attorney fees, and the motion to dismiss be denied as moot without prejudice in light of the remand.

## BACKGROUND

In his complaint (D.E. 1-1 at pp. 2-18), plaintiff alleges that he is a member of the United States Marine Corps stationed in Virginia. (Compl. ¶ 1). On or about 29 April 2008, he allegedly bought a used car from Benton Motors that was represented to him as not having previously been in any accidents when, in fact, it had been involved in two. (*Id.* ¶¶ 14, 17-19, 21). Benton Motors is alleged to be a North Carolina corporation registered to do and doing business in North Carolina. (*Id.* ¶ 4). Western is alleged to be a foreign corporation serving as Benton Motors' bonding company. (*Id.* ¶¶ 7-9).

Plaintiff filed his complaint in Onslow County Superior Court on 16 November 2009. He asserts eight claims under North Carolina law, including breach of express and implied warranty, unfair and deceptive trade practices, and fraud (*i.e.*, the first through fourth and seventh through ninth claims), and two federal claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* (*i.e.*, the fifth and sixth claims) ("Magnuson-Moss claims"). (*Id.* ¶¶ 26-95). Plaintiff seeks compensatory damages, treble damages, attorney fees, and other relief. (*Id.* 13-14).

Plaintiff contends, and Benton Motors does not dispute, that it was served with process on 4 December 2009. (Plf.'s Mot. ¶ 1; Removal Notice (D.E. 1) ¶ 2; Defs.' Mem. 1). On 31 December 2009, it filed a notice of removal (D.E. 11), pursuant to 28 U.S.C. § 1446(a), purportedly as the only defendant served at that point, based on this court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). (*See* Removal Notice ¶¶ 1, 4). Plaintiff timely filed his motion to remand on 30 January 2010. *See* 28 U.S.C. § 1447(c). In the motion, plaintiff contends that the case could not

2

properly be removed on the basis of the court's diversity jurisdiction because such cases are removable only if none of the defendants are citizens of the forum state, *see* 28 U.S.C. § 1441(b), and Benton Motors was alleged to be a North Carolina corporation, (Compl. ¶ 4) and thereby a citizen of North Carolina, *see* 28 U.S.C. § 1332(c)(1). On 19 February 2010, Benton Motors filed an amended notice of removal invoking this court's federal question jurisdiction under 28 U.S.C. § 1331 based on the Magnuson-Moss claims. Benton Motors filed its response to the remand motion on the same date. In the response, Benton Motors defends removal of the case solely on the basis of its amended removal notice and invocation of federal question jurisdiction.

In the meantime, Benton Motors filed its motion for partial dismissal on 12 January 2010 contemporaneously with its answer to the complaint (D.E 4). In its answer, Benton Motors admits that it is a "domestic corporation" as alleged by plaintiff. (Benton Motors' Ans. ¶ 4 (admitting allegations in Compl. ¶ 4)). Western filed its answer (D.E. 14) to the complaint on 5 February 2010.

## **DISCUSSION**

The resolution of plaintiff's motion to remand will determine whether this court is a proper forum for further judicial proceedings in this case, including consideration of Benton Motors' motion to dismiss. The court will therefore first address the remand motion and then the dismissal motion.

### I. PLAINTIFF'S MOTION TO REMAND

#### A. Applicable Principles of Removal and Remand

Removal of a case from a state court to a federal district court is provided for in 28 U.S.C. § 1441. Removal jurisdiction exists only if the action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a). Two principal bases for the original jurisdiction of the federal district courts are, of course, diversity of

3

citizenship of the parties and the presence of a federal question. *See* 28 U.S.C. §§ 1331, 1332. An action based on the court's diversity jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *accord, e.g., Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 331 (4th Cir. 2008) ("[I]n a diversity case, a defendant cannot remove a case from its home forum . . . .").

Under 28 U.S.C. § 1446(a), a case is removed by the filing of a notice of removal in the district court within 30 days after receipt of the complaint. *See* 28 U.S.C. § 1446(b). The notice must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A defendant may amend a notice of removal after the 30-day period for removal has expired to correct facts underlying jurisdictional allegations. *Hooks v. Am. Med. Sec. Life Ins. Co.*, No. 3:06-CV-00071, 2006 WL 2504903, at *3 (W.D.N.C. 29 Aug. 2006) (citing *FHC Options, Inc. v. Sec. Life Ins. Co. of Am.*, 993 F. Supp. 378, 382 (E.D. Va.1998)); *see also* 28 U.S.C. § 1653 (permitting amendment of jurisdictional allegations). But "the courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to amendments to correct technical defects in the jurisdictional allegations in the notice of removal, and that amendments to remedy a substantive defect in the [removal] petition, i.e., to add a new basis for federal jurisdiction, are not permitted." *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574, 579 (S.D. Miss. 2000) (collecting cases)[1] (internal quotation marks omitted) (quoted in *Davis v. Life Investors Ins. Co. of*

---

[1] *E.g., Stein v. Sprint Commc'ns Co.*, 968 F. Supp. 371, 374 (N.D. Ill. 1997) ("[A] defendant may not amend its notice of removal after the 30-day limit in § 1446(b) to remedy a substantive defect in the petition."); *Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356, 359 (N.D. Miss.1997) ("If a defendant seeks to amend the notice of

4

*Am., Inc.*, 214 F. Supp. 2d 691, 693-94 (S.D. Miss. 2002); *accord* 14C Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3733 at 651-59 & 655 n.19 (4th ed. 2009). "Failure to assert federal question jurisdiction as a basis for removal is a substantive defect" that cannot be remedied by amendment of the removal notice 30 days after receipt of the complaint. *Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 517 (S.D.N.Y. 2000).

A case is subject to remand back to the state court from which it was removed if there are defects in the removal. *See* 28 U.S.C. § 1447(c). Remand is the proper remedy where a case based on diversity jurisdiction is removed by a defendant who is a citizen of the forum state. *See, e.g.*, *Long v. Long*, 509 F. Supp. 2d 568, 571-72 (N.D. W. Va. 2007).

The courts have recognized that "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute

---

removal at any time thereafter [*i.e.*, the 30-day removal period], he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal."); *Spillers v. Tillman*, 959 F. Supp. 364, 372 (S.D. Miss. 1997) ("Although a defendant is free to amend a notice of removal within the 30-day period set forth in 28 U.S.C. § 1446(b), once the 30-day period has expired, amendment is not available to cure a substantive defect in removal proceedings."); *Lowes v. Cal Dive Int'l, Inc.*, No. 97-407, 1997 WL 178825, at *2 (E.D. La. 1997) ("While defendants may freely amend their Notice of Removal within thirty days of service, they may not add new grounds for removal after the thirty day period has expired."); *see also Nutter v. New Rents, Inc.*, 945 F.2d 398 (Table), 1991 WL 193490, at *2 (4th Cir. 1991) (applying "the majority rule that an amendment which merely perfects a technically defective jurisdictional allegation in a timely filed removal petition may be allowed after the 30-day removal period"); *Hooks*, 2006 WL 2504903, at *3 (noting that "[a]fter the thirty day deadline, the notice of removal may be amended to fix technical defects, but not substantive defects, in jurisdictional allegations," citing *Davis* and apparently referring to the 30-day period for removal, but describing it at one point as 30 days "from removal").

5

Case 7:09-cv-00212-F   Document 37   Filed 08/23/10   Page 5 of 10

narrowly, resolving any doubts against removability."). The removing parties, as those invoking removal jurisdiction, have the burden of showing that removal was proper. *See Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof")). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemis. Co.*, 29 Fed. 3d 148, 151 (4th Cir. 1994).

### B. Analysis of Plaintiff's Motion to Remand

With the foregoing principles in mind, the merits of plaintiff's motion to remand are readily apparent. Turning first to the jurisdictional basis relied upon by Benton Motors in its original removal notice—diversity of citizenship—the court finds it patently deficient to support removal of this case. Benton Motors could not remove on the basis of diversity of jurisdiction because, as plaintiff alleged in his complaint and it admitted in its answer, it is a North Carolina corporation and therefore a citizen of the forum state. As discussed, § 1441(b) bars removal under such circumstances. Benton Motors, which has the burden of showing removal jurisdiction, implicitly concedes the baselessness of removal based on diversity of citizenship by not addressing it in its response to plaintiff's motion to remand.

The court finds Benton Motors' attempt to amend its removal notice to add federal question jurisdiction as a basis for removal ineffective. Benton Motors was apparently served with the complaint on 4 December 2009. The 30-day period for removal ended on 4 January 2010.[2] Benton Motors did not file its amended removal notice until 19 February 2010, 76 days after service of the

---

[2] The thirtieth day fell on 3 January 2010, but because that day was a Sunday, the last day of the period became the next business day, 4 January 2010. *See* Fed. R. Civ. P. 6(a)(1)(C).

complaint and 46 days after the time for removal had expired. By then, it no longer had the right to amend the notice to add an additional ground for removal. *See, e.g., Lastih v. Elk Corp. of Alabama*, 140 F. Supp. 2d 166, 168 (D. Conn. 2001) (remanding for failure to add federal question jurisdiction as basis for removal within 30 days of receipt of complaint and to show that diversity jurisdiction as alleged in removal notice existed).

The court concludes that Benton Motors could not properly remove this case on the basis of diversity jurisdiction and did not timely amend it removal notice to add federal question jurisdiction as a ground for removal. The court therefore lacks removal jurisdiction. Plaintiff's motion to remand should accordingly be allowed and this case should be remanded to Onslow County Superior Court.

C.     **Plaintiff's Request for Costs and Attorney Fees**

As indicated, plaintiff has requested the award of the costs and attorney fees he incurred on his motion for remand. Section 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether to award fees depends upon the reasonableness of the removal:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The same standard has been applied to the costs on a remand motion. *See, e.g., Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 331-32 (S.D.N.Y. 2007).

7

Here, there can be no question that Benton Motors' removal based on diversity of citizenship was not objectively reasonable. The complaint explicitly alleged that Benton Motors "is a *domestic corporation* registered to do business and doing business in Goldsboro, North Carolina." (Compl. ¶ 4) (emphasis added). The complaint thus clearly showed Benton Motors to have been incorporated in North Carolina and thereby to be a citizen of North Carolina. *See* 28 U.S.C. § 1332(c)(1). Benton Motors later admitted that it is a North Carolina corporation. (Benton Motors' Ans. ¶ 4). The relevant law is equally clear. As discussed, §1441 provides expressly that any actions other than those subject to the court's federal question jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Benton Motors therefore should have known that it could not properly remove this case under the court's diversity jurisdiction.

The court also finds that Benton Motors' attempt to invoke federal question jurisdiction by amendment of its removal notice was not objectively reasonable. The Magnuson-Moss claims are identified as such in plaintiff's complaint and include citations to relevant provisions of the statute and the associated regulations. (*See* Compl., *e.g.*, ¶¶ 50-55, 59, 60, 62; pp. 7, 8 (headings for such claims)). Benton Motors therefore knew or should have known that it could have invoked federal question jurisdiction in its original removal notice. Benton Motors also knew or should have known based on the authorities previously discussed that it had only until the end of the 30-day removal period to add federal question jurisdiction as a basis for removal. But Benton Motors did not attempt to add this additional ground until more than a month after the deadline had expired and then only after plaintiff challenged the sufficiency of its reliance on diversity jurisdiction in its remand motion.

8

Even here, Benton Motors waited 19 days after service of plaintiff's remand motion to file its amended removal notice.

The court concludes that Benton Motors' removal of this case was, in all material respects, not objectively reasonable. Plaintiff's request for costs and attorney fees should accordingly be allowed, and he should receive from Benton Motors the "just costs and any actual expenses, including attorney fees" he incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c)(1).

## II. BENTON MOTORS' MOTION TO DISMISS

Because the court has determined that it lacks removal jurisdiction over this case, it cannot properly undertake consideration of Benton Motors' dismissal motion on the merits. It will therefore be recommended that the dismissal motion be denied as moot without prejudice. *See Long*, 509 F. Supp. 2d at 572-73 & n.2 (allowing motion to remand and denying as moot without prejudice pending motion to dismiss).

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the court enter an order providing as follows:

1. Plaintiff's motion to remand is ALLOWED;

2. This case is remanded to the Superior Court of Onslow County;

3. Benton Motors' motion to dismiss is DENIED as MOOT without prejudice;

4. Plaintiff's request for costs is ALLOWED and he shall have and recover from defendants the just costs and any actual expenses, including attorney fees, he incurred as a result of the removal of this case, pursuant to 28 U.S.C. § 1447(c); and

5. Plaintiff shall file a memorandum and appropriate supporting documentation detailing the amount he seeks in costs, expenses, and attorney fees within 14 days after entry of this order, and Benton Motors shall file any response within 14 days after service of the memorandum.

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days to file written objections, unless the court specifies a different period. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 23rd day of August 2010.

James E. Gates
United States Magistrate Judge