UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-212-F

| | | |
|---|---|---|
| DANIEL A. LAFOUNTAIN, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| PAUL BENTON MOTORS OF NORTH | ) | |
| CAROLINA, LLC d/b/a CHEVROLET | ) | |
| CADILLAC OF GOLDSBORO, | ) | |
| WESTERN SURETY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for consideration of the Memorandum and Recommendation ("M&R")[DE-37] filed by United States Magistrate Judge James A. Gates concerning Plaintiff Daniel A. LaFountain, Jr.'s ("LaFountain" or "Plaintiff") motion to remand [DE-10] the action back to the Superior Court of Onslow County and the motion to dismiss [DE-5] filed by Defendant Paul Benton Motors of North Carolina, LLC d/b/a Chevrolet Cadillac of Goldsboro ("Paul Benton Motors"). Therein, Judge Gates recommended that the Plaintiff's motion to remand and request for costs be allowed, and Paul Benton Motors' motion to dismiss be denied as moot. Defendants Paul Benton Motors and Western Surety Company filed objections to Judge Gates' M&R [DE-38] and Plaintiff responded [DE-39]. For the reasons stated below, the court overrules Defendants' objections and orders that this case be remanded to the Superior Court of Onslow County.

## I. STANDARD OF REVIEW

A district court may "designate a magistrate judge to submit ... proposed findings of fact and recommendations for the disposition of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court then must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

## II. RELEVANT PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed a complaint in Onslow County Superior Court on November 16, 2009. In his complaint, Plaintiff alleges he is a member of the United States Marine Corps stationed in Virginia. He also alleges that on or about April 29, 2008, he bought a used car from Paul Benton Motors that was represented to him as not having previously been in any accidents when, in fact, it had been involved in two. He alleges that Paul Benton Motors is a North Carolina corporation registered to do and doing business in North Carolina, and that Western Surety Company is a foreign corporation serving as Paul Benton Motors' bonding company. Based on Paul Benton Motor's alleged representations, Plaintiff alleges eight claims under North Carolina law, and two claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("the Magnuson-Moss claims").

Plaintiff contends, and Paul Benton Motors does not dispute, that it was served with process on December 4, 2009. On December 31, 2009, it filed a notice of removal pursuant to 28 U.S.C. § 1446(a), based on this court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). In the notice of removal, Paul Benton Motors represented that it was, to its knowledge,

2

the only defendant served at that point. However, Defendant Western Surety Company had been served with process on December 7, 2009, through the North Carolina Department of Insurance, which accepted service on its behalf pursuant to N.C. Gen. Stat. § 58-16-30. On January 14, 2010, Western Surety Company filed a motion for extension of time to file an answer to the complaint which was allowed by the Clerk of Court.

Plaintiff timely filed a motion to remand on January 30, 2010. In his motion, Plaintiff contends that the case could not properly be removed on the basis of the court's diversity jurisdiction because such cases are removable only if none of the defendants are citizens of the forum state, and Paul Benton Motors was alleged to be a North Carolina corporation, and therefore a citizen of North Carolina.

On February 19, 2010, Paul Benton filed an amended notice of removal, joined now by Western Surety Company, invoking this court's federal question jurisdiction under 28 U.S.C. § 1331 based on the Magnuson-Moss claims. Paul Benton Motors and Western Surety Company filed a response to Plaintiff's motion to remand that same day, defending the removal of the case solely on the basis of its amended removal notice and invocation of federal question jurisdiction.

In the meantime, Paul Benton Motors filed a motion for partial dismissal on January 12, 2010 along with its answer to the complaint. In the answer, Paul Benton Motors admits it is a domestic corporation as alleged by plaintiff.

The undersigned referred the motions to Judge Gates for an M&R pursuant to 28 U.S.C. § 636(b)(1). On August 23, 2010, Judge Gates issued his M&R. In it, he reviewed some well-settled principles regarding removal. First, removal jurisdiction exists only if the action "originally could have been filed in federal court," *Caterpillar, Inc. v. Williams*, 482 U.S. 386,

3

392 (1987), and two principal bases for the original jurisdiction of federal district courts are diversity of citizenship of the parties and the presence of a federal question. M&R [DE-37] at p. 4. Second, an action based on a court's diversity jurisdiction is only removable "if none of the parties in interest properly joined and served as defendants is a citizen of a State in which such action is brought." 28 U.S.C. § 1441(b).

Judge Gates also explained that under 28 U.S.C. § 1446(a) and (b), a case is removed by the filing of a notice of removal in the district court within 30 days after receipt of the complaint. He also recognized that a defendant may amend a notice of removal after the 30-day period for removal has expired to correct facts underlying jurisdictional allegations, "[b]ut 'the courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to amendments to correct technical defects in the jurisdictional allegations in the notice of removal, and that amendments to remedy a substantive defect in the [removal petition, i.e., to add a new basis for federal jurisdiction, are not permitted.'" M&R [DE-37] at p. 4 (quoting *Blakely v. United Cable Sys.*, 105 F.Supp.2d 574, 579 (S.D. Miss. 2000)).

Based on the foregoing principles, Judge Gates found Paul Benton Motors' original notice of removal to be "patently deficient" to support removal of the case. Specifically, Judge Gates noted that Paul Benton Motors relied solely upon diversity of citizenship as the basis of jurisdiction. Paul Benton Motors, however, is precluded from removing the action on the basis of diversity jurisdiction because it is a North Carolina corporation and therefore a citizen of this state. M&R [DE-37] at p. 6 (citing 28 U.S.C. § 1441(b)). Judge Gates also found that Paul Benton Motors could not amend the notice of removal to add an entirely new jurisdictional

4

basis–federal question jurisdiction–46 days after the time for removal had expired. Accordingly, Judge Gates recommended that the motion to remand be allowed. Judge Gates also recommended that plaintiff's request for costs and attorney fees be allowed, because Paul Benton Motors' removal of the case–and its subsequent attempt to amend the notice of the removal–was not objectively reasonable. Finally, Judge Gates recommended that the partial motion to dismiss be denied without prejudice to renew.

### III. ANALYSIS

Defendants Paul Benton Motors and Western Surety Company raise the following objections to the M&R: (1) removal is proper because the court has proper jurisdiction; (2) an award of attorney's fees is improper under the circumstances; and (3) the court should consider the partial motion to dismiss filed by Paul Benton Motors.

**A. Objection to recommendation that this case be remanded**

With regard to the first objection, Defendants contend the court should consider the amended notice of removal, in which Defendants first asserted that federal question jurisdiction exists, because it "was the first filing on behalf of Western Surety [Company] wherein its grounds for removal were asserted." Obj. to M&R [DE-39] at p. 4. As Plaintiff notes, however, Western Surety was served on December 7, 2009, meaning that the amended notice of removal was filed forty-four days *after* the thirty-day window for removal allowed by 28 U.S.C. § 1446(b). Consequently, the fact that Western Surety Company joined in the amended notice of removal does nothing to erase the fact that the amended notice of removal is untimely.

Defendants also assert that because the notice of removal includes a passing reference to the Magnuson-Moss Warranty Act, the court should consider the amended notice of removal's

assertion of federal question jurisdiction. Defendants do not, however, attempt to distinguish the numerous cases cited by Judge Gates that stand for the proposition that a defendant may not amend the notice of removal, after the thirty-day time limit for removal prescribed by § 1446, to add a new basis for jurisdiction. *See* M&R [DE-37] at p.4 n.1. Nor do Defendants adequately explain how the failure to allege federal question jurisdiction amounts to merely a technical defect in the jurisdictional allegations, as opposed to a substantive defect. The court finds the reasoning of Judge Gates, and the numerous cases he relied upon in support that reasoning, to be persuasive, and therefore Defendants' objection to Judge Gates' recommendation that this case be remanded is overruled.

### B. Objection to recommendation that costs be awarded

Defendants also object to Judge Gates' recommendation that Plaintiff's request for costs and attorney fees be allowed. The court, however, agrees with Judge Gate's conclusion that both the original notice of removal, and Defendants' subsequent untimely attempt to amend the notice of removal to assert a new basis of jurisdiction, was objectively unreasonable. Defendants' objection to Judge Gates' recommendation that Plaintiff's request for costs and attorneys fees be allowed is overruled.

### C. Objection to the failure to consider the partial motion to dismiss

Because the court accepts Judge Gate's recommendation that this case be remanded, it also accepts his recommendation that the partial motion to dismiss be denied as moot. Defendants' objection to this recommendation is overruled.

6

Case 7:09-cv-00212-F    Document 40    Filed 09/24/10    Page 6 of 7

## IV. CONCLUSION

For the foregoing reasons, the court accepts the M&R [DE-37] prepared by Judge Gates and ORDERS the following:

1. Plaintiff's motion to remand [DE-10] is ALLOWED, and it is ORDERED that this case be REMANDED to the General Court of Justice, Superior Court Division, Onslow County, North Carolina. The court retains jurisdiction solely over Plaintiff's request for just costs and actual expenses.

2. In light of the remand, Defendant Paul Benton Motors' motion to dismiss [DE-5] is DENIED without prejudice as moot.

3. Plaintiff's request, pursuant to 28 U.S.C. § 1447(c), for just costs and actual expenses including attorney fees is ALLOWED. Plaintiff is DIRECTED to file, on or before October 6, 2010, an affidavit setting forth his reasonable costs and attorney's fees, including the number of hours expended, proposed hourly rate(s) and justification therefor, incurred as a result of the removal. Defendants may file a response thereto on or before October 20, 2010.

SO ORDERED.

This the 24th day of September, 2010.

James C. Fox
Senior United States District Judge